SQUIRE PATTON BOGGS (US) LLP
Robert J. Nolan (State Bar # 235738)
robert.nolan@squirepb.com
Elliott J. Joh (State Bar #264927)
elliott.joh@squirepb.com
Jenny L. Grantz (State Bar #287960)
jenny.grantz@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:	+1 415 954 0200
Facsimile:	+1 415 393 9887

Attorneys for Plaintiff
SALESFORCE.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SALESFORCE.COM, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GEA, INC., a Nevada Corporation,<br><br>Defendant. | Case No. 19-1710<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff salesforce.com, inc. ("Salesforce") alleges as follows:

### NATURE OF ACTION

1. This is an action for declaratory judgment arising under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).  Salesforce seeks a judicial declaration that it is not liable for any harm to Defendant GEA, Inc. ("GEA") resulting from use of GEA's account (the "Account") on the Salesforce CRM Platform (the "Platform") by Jeremy LeClair; that Salesforce is not liable to GEA for breach of contract, misappropriation of trade secrets, fraud, or any other causes of action predicated on LeClair's use of the Account; and that Salesforce is not in breach of its contract with GEA.

**THE PARTIES**

2.  Plaintiff Salesforce is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in San Francisco, CA.

3.  Defendant GEA, Inc. is a corporation organized and existing under the laws of the State of Nevada, having its principal place of business in Charlotte, NC.

**JURISDICTION AND VENUE**

4.  This is an action for a declaratory judgment under 28 U.S.C. § 2201 (the Declaratory Judgment Act) that Salesforce is not liable for any harm to GEA resulting from LeClair's use of the Account and that Salesforce is not in breach of its contract with GEA.

5.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and (d) because Salesforce resides in this District and a substantial part of the events or omissions giving rise to Salesforce's claim occurred in this District. Venue is proper in this District on the independent basis that a binding agreement between the parties—the Salesforce Order Forms and Master Subscription Agreement (the "Agreement")—expressly provides that San Francisco, California is the exclusive forum for any disputes arising out of the Agreement. Ex. 1, § 13.1.

7.  This Court has personal jurisdiction over GEA because GEA has consented to jurisdiction in this Court. Section 13.1 of the Agreement grants exclusive jurisdiction over "any lawsuit arising out of or in connection with th[e] Agreement" to state and federal courts located in San Francisco, California. Ex. 1, § 13.1. GEA is amenable to service of process pursuant to the California Long-Arm Statute, Cal. Civ. Proc. Code § 413.10, and Fed. R. Civ. P. 4(e).

**INTRADISTRICT ASSIGNMENT**

8.  This action is properly assigned to the San Francisco Division of this District pursuant to N.D. Cal. L.R. 3-2, because a substantial part of the events or omissions giving rise to Salesforce's claim occurred in this District, and because the Agreement expressly provides that disputes between the parties shall be heard in San Francisco, California. Ex. 1, § 13.1.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

**FACTUAL ALLEGATIONS**

9. Salesforce is the leading enterprise cloud computing company. Salesforce sells the leading CRM (customer relationship management) Platform, allowing its customers to connect to their customers in a whole new way. Salesforce provides licenses to the Platform to entities across the United States, and around the world, in order to manage sales, service, marketing, commerce, and much more.

10. Trust is one of the core values at Salesforce, where nothing is more important than the trusted relationship between Salesforce and its customers, employees, partners, and everyone in the Salesforce family. Salesforce works to ensure that all customer data is secure.

11. A customer's users access the customer's account on the Platform (called an "Org" in Salesforce terminology) via individual licenses for each user whom the customer designates to have access to their Org. Each customer may designate one or more administrators for its Org. Administrators, in turn, assign particular permission levels to each user whom the customer wants to access its Org. When creating users for its Org, the administrator must assign permissions to each user, including whether the user has permission to read, write, export, or delete data within the Platform. The highest permission level is administrator, and administrators can not only access data, but can also import, export and delete data, and change the permission levels of all other users—including by restricting or removing a user account's access to the Platform entirely.

12. In 2014, Salesforce and GEA entered into the Agreement, pursuant to which GEA obtained several licenses to access their own, new Org on the Platform. GEA provided LeClair with administrator access to GEA's Account on the Platform.

13. Salesforce is informed and believes and on that basis alleges that GEA and LeClair subsequently disputed ownership of the Account and the data uploaded to it, and in 2016 a lawsuit was filed in North Carolina Superior Court to determine, *inter alia*, the lawful owner of the data, entitled *GEA, Inc., Valaria DeVine & Leslie Farkas v. Luxury Auctions Marketing, Inc. & Jeremy LeClair* (N.C. Super. Ct., Case No. 16 CVS 019851).

14. Salesforce is further informed and believes and on that basis alleges that, in that lawsuit, GEA contends that LeClair used his administrator access to remove certain users' access to the Platform, including Valaria DeVine, and exported data from the Account.

15. Although it is not Salesforce's duty to monitor this lawsuit, Salesforce is informed and believes and on that basis alleges that the lawsuit appears to be still pending in North Carolina state court, and has not been finally adjudicated. Salesforce was not a party to the lawsuit, and no orders were issued directing Salesforce to take any actions with respect to the Account.

## **FIRST CLAIM FOR RELIEF**

### **(Declaratory Judgment of No Liability for Account Modifications)**

16. Salesforce re-alleges and incorporates by reference the allegations set forth in paragraphs 1-15 as though fully set forth herein.

17. In a letter dated September 20, 2018, GEA through its attorney William E. Hopkins, Jr., informed counsel for Salesforce that GEA intends to file an action against Salesforce resulting from modifications made to the Account by LeClair. GEA's counsel claims that LeClair used his administrator access to change the permission levels of all other users of the Account, such that LeClair was the only user who could access any of GEA's data on the Platform. GEA's counsel also claims that LeClair copied data that GEA had uploaded to the Platform. GEA's counsel claims that LeClair's actions caused substantial harm to GEA's business, and that Salesforce is therefore liable for, *inter alia*, misappropriation of trade secrets, unfair and deceptive trade practices, fraud, and breach of contract. GEA's counsel claims that GEA will seek damages, fees and costs from Salesforce exceeding $800,000,000.00.

18. GEA authorized LeClair to modify, export, and delete data from the Account, and to modify the permissions of all other users of the Account, when it granted him administrator access to the Account. Any harm caused to GEA's business by LeClair's actions was therefore the result of GEA's decision to entrust LeClair with administrator access to the Account, and was not the fault of Salesforce.

19.     At various times during their dispute over ownership of GEA's license and the Account, both GEA and LeClair contacted Salesforce to claim that they, and not the other party, were the rightful owner. At no time did either party provide Salesforce with a court order or other proof of ownership, or final adjudication of ownership, of the Account. Salesforce was therefore in no position to revoke LeClair's access to the Account or otherwise support one party's claims of ownership over the other's. In order to protect the security, confidentiality, and integrity of customers' data on the Platform, Salesforce cannot, and does not, modify user accounts in response to unsubstantiated claims of ownership over licenses to the Platform.

20.     GEA's threat to Salesforce to file suit has created an actual, substantial, and judicable controversy between Salesforce and GEA concerning Salesforce's liability for modifications made by LeClair to the Account. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

21.     Salesforce seeks a judicial declaration that it is not liable for any harm to GEA resulting from LeClair's use of the Account, including by LeClair, nor is it liable to GEA for breach of contract, misappropriation of trade secrets, fraud, or any other causes of action predicated on LeClair's use of the Account.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of No Breach of Contract)**

22.     Salesforce re-alleges and incorporates by reference the allegations set forth in paragraphs 1-21 as though fully set forth herein.

23.     Neither GEA nor Salesforce has terminated the Agreement, which remains in force.

24.     In its September 20, 2018 letter, GEA's counsel claimed that Salesforce is in breach of the Agreement because it has not modified the administrator privileges assigned to users of the Account, including LeClair.

25.     At no time did GEA provide Salesforce with a court order or other proof of final adjudication of GEA's and LeClair's dispute over ownership of the Account. Absent such proof, Salesforce could not—and was not obligated by the Agreement to—modify administrator

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  privileges of any user of the Account.  Salesforce therefore has not directly or indirectly breached
2  the Agreement.

3  26. Salesforce seeks a judicial declaration that it is not in breach of its ongoing
4  Agreement with GEA.  Salesforce seeks a judicial determination of its rights and obligations under
5  the Agreement, specifically that Salesforce is not obligated by the Agreement to revoke or modify
6  administrator privileges granted by GEA to users of the Account, or to otherwise modify the
7  Account, based on unsubstantiated claims of ownership of the Account.

## PRAYER FOR RELIEF

WHEREFORE, Salesforce respectfully prays for judgment as follows:

1. For a declaration that Salesforce is not liable for any harm to GEA resulting from LeClair's use of the Account;

2. For a declaration that Salesforce is not liable to GEA for breach of contract, misappropriation of trade secrets, fraud, or any other causes of action predicated on LeClair's use of the Account;

3. For a declaration that Salesforce is not in breach of the Agreement; and

4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated:  April 2, 2019                                      SQUIRE PATTON BOGGS (US) LLP


By:  */s/ Robert J. Nolan*
　　　　　Robert J. Nolan
Attorneys for Plaintiff
SALESFORCE.COM, INC.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111