ROBERT NOLAN (Bar No. 235738)
robert.nolan@us.dlapiper.com
JOY KIM (Bar No. 294841)
joy.kim@us.dlapiper.com
ELIZABETH CALLAHAN (Bar No. 323510)
elizabeth.callahan@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel:    415.836.2500
Fax:    415.836.2501

Attorneys for Plaintiff
SALESFORCE.COM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SALESFORCE.COM, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>GEA, INC.,<br><br>                    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  4:19-CV-01710-JST<br><br>**SALESFORCE.COM, INC.'S MOTION TO STRIKE GEA'S CLAIMS FOR RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:         August 19, 2020<br>Time:        2:00 p.m.<br>Courtroom:  6 – 2nd Floor<br>Judge:       Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on Wednesday, August 19, 2020, at 2:00 p.m., or as soon thereafter as the matter may be heard, or as taken under submission and decided without hearing, by the Honorable Jon S. Tigar in Courtroom 6 of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Plaintiff salesforce.com, inc. ("Salesforce") shall and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking Defendant GEA's request for relief for exemplary damages, for attorneys' fees and costs, for prejudgment interest, for enhanced damages for trade secret misappropriation, and for treble damages under North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA) on the ground that the parties' contract contains a limitation of liability provision that limits Salesforce's liability in this action.

This Motion to Strike is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file in this action, and any further evidence or argument that the Court may properly receive at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Counterclaimant GEA seeks requested relief that goes far beyond the bounds of the applicable contract between the parties. For the reasons set forth in the Motion to Dismiss filed concurrently herewith, the tort counterclaims should be dismissed with prejudice. In addition, the Order Form and Master Subscription Agreement ("MSA") (Dkt. No. 1-1) that GEA alleges Salesforce breached contains a Limitation of Liability Clause in Section 11 ("Limitation of Liability"). The Limitation of Liability limits Salesforce's liability in this action to "THE AMOUNT PAID BY [GEA] HEREUNDER IN THE 12 MONTHS PRECEDING THE INCIDENT." The Limitation of Liability also expressly excludes "ANY LOST PROFITS, REVENUES OR INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL, COVER OR PUNITIVE DAMAGES, WHETHER AN ACTION IS IN CONTRACT OR TORT AND REGARDLESS OF THE THEORY OF LIABILITY." Moreover, the MSA does not contain an

attorneys' fees provision. To the extent the fees requested are based on GEA's claim for

misappropriation of trade secrets, that claim should be dismissed for the reasons set forth in the

Motion to Dismiss filed concurrently herewith. Further, any allegations of willfulness with respect

to the misappropriation of trade secrets claim are conclusory, at best, and are therefore insufficient

to support the requested relief. GEA's request for relief for exemplary damages, for attorneys' fees

and costs, for enhanced damages for trade secret misappropriation, and for treble damages under

North Carolina's Unfair and Deceptive Trade Practices Act should be stricken.

## II.      ARGUMENT

### A.      Legal Standard

A defendant may move to strike from a complaint "any redundant, immaterial, or

impertinent and scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 12(f), a party may move to

strike language seeking relief that is not recoverable as a matter of law. *Estate of Migliaccio v.*

*Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006). The function of striking

allegations "is to avoid the expenditure of time and money that must arise from litigating spurious

issues by dispensing with those issues prior to trial." *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d

880, 885 (9th Cir. 1983).

### B.      Counterclaimant's Requested Relief Should be Stricken.

GEA seeks exemplary damages that are expressly excluded by the MSA. The Limitation of

Liability clause in the MSA provides:

> **11. LIMITATION OF LIABILITY**
>
> **11.1 Limitation of Liability. NEITHER PARTY'S LIABILITY** WITH RESPECT TO ANY SINGLE INCIDENT ARISING OUT OF OR RELATED TO THIS AGREEMENT **WILL EXCEED THE AMOUNT PAID BY CUSTOMER HEREUNDER IN THE 12 MONTHS PRECEDING THE INCIDENT**, PROVIDED THAT IN NO EVENT WILL EITHER PARTY'S AGGREGATE LIABILITY ARISING OUT OF OR RELATED TO THIS AGREEMENT EXCEED THE TOTAL AMOUNT PAID BY CUSTOMER HEREUNDER. THE ABOVE LIMITATIONS WILL APPLY WHETHER AN ACTION IS IN CONTRACT OR TORT AND REGARDLESS OF THE THEORY OF LIABILITY. HOWEVER, THE ABOVE LIMITATIONS WILL NOT LIMIT CUSTOMER'S PAYMENT OBLIGATIONS UNDER SECTION 6 (FEES AND PAYMENT FOR PURCHASED SERVICES).
>
> **11.2. Exclusion of Consequential and Related Damages.** IN NO

1
**EVENT WILL EITHER PARTY HAVE ANY LIABILITY TO THE
OTHER PARTY FOR ANY LOST PROFITS, REVENUES OR
INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL,
COVER OR PUNITIVE DAMAGES, WHETHER AN ACTION IS
IN CONTRACT OR TORT AND REGARDLESS OF THE THEORY
OF LIABILITY, EVEN IF A PARTY HAS BEEN ADVISED OF THE
POSSIBILITY OF SUCH DAMAGES. THE FOREGOING
DISCLAIMER WILL NOT APPLY TO THE EXTENT PROHIBITED
BY LAW.**

2

3

4

5

6   MSA § 11 (emphasis added). The Counterclaim's request for exemplary damages is expressly

7   excluded by this provision.

8        Attorneys' fees are not recoverable in California, where, as here, the contract does not so

9   provide. *See* Cal. Civ. Code § 1717. *See also Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 127

10  (1979) ("Unless authorized by either statute or agreement, attorney's fees ordinarily are not

11  recoverable as costs."); *Krueger v. Bank of Am.*, 145 Cal. App. 3d 204, 216 (1983) ("It has long

12  been recognized that attorney's fees are generally not recoverable as costs unless authorized by

13  either statute or agreement."). The MSA does not contain an attorneys' fees provision entitling

14  GEA to such relief. To the extent that GEA is alleging it is entitled to fees pursuant to its claim for

15  misappropriation of trade secrets, that claim is subject to dismissal for the reasons set forth in the

16  Motion to Dismiss. Moreover, the Counterclaim's allegations of willfulness are conclusory and

17  therefore insufficient. *See* Dkt. No. 58, Countercl. ¶ 41; *Epstein v. Wash. Energy Co.*, 83 F.3d

18  1136, 1140 (9th Cir. 1996).

19        Similarly, enhanced damages for trade secret misappropriation are unavailable to GEA

20  because the trade secret misappropriation claim is subject to dismissal for the reasons set forth in

21  the Motion to Dismiss.

22        Treble damages under North Carolina's UDTPA are also unavailable. As set forth in the

23  Motion to Dismiss, the clear terms of the MSA provide that "any lawsuit arising out of or in

24  connection with this Agreement" is governed by California law, with courts in San Francisco,

25  California having exclusive jurisdiction. *See* Dkt. No. 1-1 at 14, § 13.1. Moreover, this Court has

26  already found that California law applies to this matter. Dkt. No. 45 at 4. Even if the MSA's

27  governing law provision did not apply, this Court in its discretion should apply the law of the case

28  doctrine to preclude the application of North Carolina law. *See Hall v. City of Los Angeles*, 697

F.3d 1059, 1067 (9th Cir. 2012) (finding that the law of the case doctrine "generally preludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case") (citation omitted). In addition, as set forth in Salesforce's Motion to Dismiss, GEA has waived any argument that North Carolina law applies.

Accordingly, Salesforce respectfully requests that the Court strike GEA's requested relief for exemplary damages, costs of suit and reasonable attorneys' fees, prejudgment interest, enhanced damages for trade secret misappropriation, and treble damages under North Carolina's Unfair and Deceptive Trade Practices Act.

## III.      CONCLUSION

For the foregoing reasons, Salesforce respectfully requests that the Court grant Salesforce's Motion to Strike.

Dated:  July 13, 2020                      DLA PIPER LLP (US)


                                    By: */s/ Robert Nolan*
                                        ROBERT NOLAN
                                        Attorneys for Plaintiff
                                        salesforce.com, inc.