November 16, 2020

*VIA ECF*

Honorable John S. Tigar
United States District Court
1301 Clay Street
Oakland, CA 94612

Re:   salesforce.com, inc. v. GEA, Inc., Case No. 4:19-cv-01710-JST
      Joint Letter Brief re Trade Secret Designation

Dear Hon. John S. Tigar:

Pursuant to this Court's Standing Order, the Parties submit this joint letter brief regarding the sufficiency of GEA's trade secrets designation and Salesforce's discovery obligations. Salesforce respectfully requests that GEA produce a reasonably particularized trade secret designation before GEA commences discovery. GEA requests an order compelling Plaintiff salesforce.com, inc. ("Salesforce") to substantively respond to its outstanding discovery requests and allow depositions to proceed.

## I.   SALESFORCE'S POSITION

Salesforce seeks a protective order as to GEA's discovery, and requests a Court order requiring GEA to provide a reasonably particularized trade secret disclosure prior to GEA commencing discovery. To date, GEA has failed to meet and confer about any of the other objections raised in Salesforce's discovery responses. To the extent that GEA is demanding responses to any discovery, Salesforce respectfully requests that GEA be required to meet and confer with Salesforce first, as required by the Civil Local Rules and the Court's Standing Order. This is not GEA's motion to compel.

GEA has steadfastly failed and refused to provide a designation that meets the reasonable particularity standard. Salesforce respectfully requests that GEA produce a reasonably particularized trade secret designation before GEA commences discovery.

### A.   GEA HAS FAILED TO PRODUCE A TRADE SECRET DESIGNATION THAT MEETS THE REASONABLE PARTICULARITY STANDARD

GEA's counterclaims are solely based on Salesforce's alleged "misappropriation" of GEA's purported "trade secrets." These "trade secrets" are allegedly comprised of and contained in GEA's Salesforce customer relationship management database ("GEA database"). Indeed, GEA claims the database itself, in its entirety, is a trade secret.

Section 2019.210 of the California Code of Civil Procedure, provides in pertinent part, "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . . , before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity[.]" This section has been routinely applied in this Court, as addressed in greater detail in Salesforce's Motion to Dismiss and Reply. Dkt. No. 61

at pp. 6-8 (citing cases supporting its application here); Dkt. No. 66 at pp. 2-4 & n.1, 2 (addressing GEA's contention that the statute does not apply).

On June 18, 2020, and June 22, 2020, GEA propounded discovery regarding Salesforce's alleged misappropriation of GEA's trade secrets. Salesforce objected and declined to provide substantive responses until GEA identified its alleged trade secrets with reasonable particularity. Despite alleging a trade secrets claim, GEA took the position that no trade secrets designation was required. After extensive meet and confer efforts, on September 28, 2020, GEA finally produced a purported trade secrets designation that falls woefully short in satisfying section 2019.210's reasonable particularity standard. Ex. A. Despite additional meet and confer efforts regarding the adequacy of GEA's designation, on November 5, 2020, counsel confirmed they had reached an impasse on the issue, and agreed to submit this joint letter brief.

### B.     GEA'S PURPORTED TRADE SECRET DISCLOSURE FAILS TO IDENTIFY THE ALLEGED TRADE SECRETS WITH REASONABLE PARTICULARITY

To state a valid trade secrets misappropriation claim under California law, GEA must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade," and permit Salesforce "to ascertain at least the boundaries within which the secret lies." Cal. Code Civ. Proc. § 2019.210; *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-cv-00253-WHO, 2018 WL 2117424, at *4 (N.D. Cal. May 8, 2018); *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-2658, 2010 WL 2228936, at *13 (N.D. Cal. June 1, 2010) (finding "vague description" of business models failed to meet reasonable particularity standard) (citation omitted). To meet this standard, GEA must provide:

> (1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each[.]

*Openwave Messaging*, 2018 WL 2117424, at *4 (requiring detailed description for alleged trade secrets consisting of (i) customer information and (ii) technical data) (citation omitted).

GEA's trade secrets disclosure, which purports to identify 33 trade secrets, fails to meet section 2019.210's requirements and falls far short of a "reasonably particularized description." *See Brescia v. Angelin*, 172 Cal. App. 4th 133, 147 (2009) (finding claimant's provision of detailed description of product formula and each step in the manufacturing process sufficient to allow defendant to investigate and develop defenses); *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) (noting steps to insure secrecy of information). GEA's designation fails to describe (i) any information on the background of the trade secrets; (ii) how each secret derived value by virtue of not being generally known to the public; or (iii) GEA's reasonable efforts to maintain their secrecy.

For example, GEA identifies the "GEA database, consisting of the compilation of information hosted in the GEA Salesforce account" as Item 1, yet GEA does not describe the trade secret, its

independent economic value, or GEA's efforts, if any, to keep the database confidential. Items 3, 5, 7-10, 14-16, 18, 20-22, and 24, are listed as "compilations" of categories of information, including public information, and lack sufficient detail to determine whether the "compilations" constitute trade secrets. Item 2 similarly describes "bidding history in a live auction format" or prior bidders, with no specificity as to GEA's efforts to keep this information confidential. That certain consumer information can be protected as trade secrets, *Brocade Comm'cns Sys., Inc. v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192 (N.D. Cal. 2012), does not make GEA's disclosure sufficient.

Like the vague description in *Farhang*, listing general categories of information fails to provide sufficient detail to allow Salesforce to determine the boundaries "within which the secret lies." Cal. Code Civ. Proc. § 2019.210. Although GEA's database is hosted by Salesforce, Salesforce has never looked at the contents of the GEA database to determine the nature of their trade secrets, and is barred from doing so, per the terms of parties' contract. Dkt. No. 1-1, § 3.2.

### C. GEA CANNOT OBTAIN DISCOVERY UNTIL IT PROVIDES A TRADE SECRETS DESIGNATION WITH REASONABLE PARTICULARITY

GEA cannot seek discovery from Salesforce on its trade secrets misappropriation claim and related claims until it has identified its alleged trade secrets with reasonable particularity. Ironically, GEA has produced *no* documents to Salesforce, despite receiving document requests more than *four* months ago on July 2, 2020. GEA's list of general categories of information fails to give Salesforce "reasonable guidance" to determine the scope of discovery. *See Farhang*, 2010 WL 2228936 at *13 (citation omitted); *see also Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107 (N.D. Cal. 2016) (finding 55 paragraphs of purported trade secrets to be an "inventory of categories" of information that "falls far short" of reasonable particularity); *Social Apps, LLC v. Zynga, Inc.*, No. 4:11-cv-04910 YGR, 2012 WL 2203063, at *4 (N.D. Cal. June 14, 2012) (finding list of categories of information insufficient to describe trade secret). Like the designation in *Loop AI Labs*, GEA's list of general categories does not allow Salesforce to adequately determine the scope of discovery and GEA must "identify with particularity its own trade secrets that it has put at issue[.]" 195 F. Supp. 3d at 1117. Because each of GEA's counterclaims centers on its misappropriation of trade secrets claim, GEA cannot obtain discovery until it meets section 2019.210's requirements. *See Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App. 4th 826, 834 (2005) (noting discovery on related claims can begin only after trade secret is identified with reasonable particularity).

### D. CONCLUSION

For the foregoing reasons, Salesforce respectfully requests that the Court order GEA to produce a trade secret designation prior to commencing discovery.

## II. GEA'S POSITION

### A. BACKGROUND

In late-June, GEA served three interrogatories, thirteen requests for admission, and nineteen requests for production. Salesforce objected to each request on the ground that, *inter alia*, GEA had not provided a trade secret designation. *See, e.g.*, Ex. B, Salesforce's Response to GEA's Request For Production No. 15 ("Salesforce further objects to this Request on the ground that it is premature because Counterclaimant has not provided a designation of trade secrets pursuant to Section

2019.210. Salesforce is willing to meet and confer after Counterclaimant provides a designation in compliance with Section 2019.210."). Salesforce made this objection regardless of whether the request related to GEA's misappropriation claim. *See id*. ("All documents Salesforce considered in making the determination to cancel Salesforce contract number 01434895 on November 7, 2016 (cancellation case number 1506885)."). On September 28, GEA served its trade secret disclosure.

On September 30, GEA requested deposition dates for Salesforce employee Aseem Gupta. Salesforce responded on October 2, informing GEA that its trade secret disclosure "does not meet the reasonable particularity standard" and that no depositions would go forward until GEA "complied with section 2019.210." Salesforce subsequently provided deposition dates for Mr. Gupta, and later, Salesforce employee Eric Hazelton. In correspondence dated October 8, Salesforce asserted that GEA's trade secret disclosure lacked "reasonable particularity" because it failed to satisfy the four requirements set forth in *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477 (N.D. Cal. Feb. 28, 2014) and cited, for the first and only time, in *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2018 WL 2117424 (N.D. Cal. May 8, 2018). On November 4, Salesforce stated that no depositions could go forward until GEA amended its disclosure in a manner consistent with the *Jobscience* and *Openwave* requirements

### B.   THE REASONABLE PARTICULARITY STANDARD

Section 2019.210 "does not create a procedural device to litigate the ultimate merits of the case . . . . it requires only that the trade secret claimant '*identify* the trade secret with reasonable particularity' before obtaining discovery." *Brescia v. Angelin*, 172 Cal. App. 4th 133, 149 (2009) (quoting Cal. Code Civ. P. § 2019.210) (emphasis in original). "The nature of the identification required in any particular case need only be reasonable under the circumstances. It cannot be divorced from the statutory goals which it is intended to serve." *Id*. at 152.

> The two most important goals of the statute . . . are to help the court shape discovery, and to give the defendant the opportunity to develop defenses. Obviously, a reasonably particularized description aids the court in determining the scope of relevant discovery and fashioning protective orders. It also provides the opponent with notice of what information has allegedly been misappropriated, thus permitting the investigation of available defenses.

*Id*. at 149-50. Naturally, "[t]he degree of 'particularity' that is 'reasonable' will differ, depending on the alleged trade secrets at issue in each case." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 836 (2005). "Further, the designation should be liberally construed, and reasonable doubts about its sufficiency resolved in favor of allowing discovery to go forward." *Brescia*, 172 Cal. App. 4th at 148-49.

Under this standard, there is no question that GEA's trade secret designation is sufficient. GEA identified 33 trade secrets starting with "GEA's database, consisting of the compilation of information hosted in the GEA Salesforce account." *See* Ex. A, *GEA, Inc.'s Disclosure Of Trade Secrets*; *see also MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) (finding customer database, which plaintiff described as "a valuable collection of data assembled over many years that allows MAI to tailor its service contracts and pricing to the unique needs of its customers," qualified as a trade secret). The remaining trade secrets consist of specifically identified types of

4

information contained in GEA's database, the nature of which has been routinely recognized as qualifying for trade secret protection. *See Brocade Communs. Sys. v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192, 1214 (N.D. Cal. 2012) (collecting cases) ("[C]onfidential customer-related information including customer lists and contact information, pricing guidelines, historical purchasing information, and customers' business needs/preferences. . . . is routinely given trade secret protection."). Notably, none of these trade secrets are especially technical and the requisite detail needed to describe them with particularity is not high. *See Advanced Modular Sputtering, Inc.*, 132 Cal. App. 4th at 836. Certainly, Salesforce cannot credibly claim that it lacks notice of the information alleged to have been misappropriated, all of which is stored on its own servers. *See Brescia*, 172 Cal. App. 4th at 149-50.

Instead, Salesforce ignores these settled principles and asserts that GEA's disclosure is inadequate because it does not satisfy a list of requirements not recognized by California. In *Jobscience*, the plaintiff sought leave to file a second amended complaint that contained a description of trade secrets that "could be read so broadly as to incorporate everything about its business practices" and was so ambiguous that defendants were "unable to effectively frame their responsive pleading." *Id*. at *13. As a condition for granting leave to amend, the court ordered plaintiff to "in a separate filing, identify more precisely the trade secrets asserted, as outlined above." *Id*. at *16. The court stated:

> For each trade secret, plaintiff must file, and serve on counsel, a statement, *under seal*, that should include: (1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent.

*Id*. (emphasis in original). The courts order was a bespoke solution tailored to the needs of a specific case. It did not purport to set forth the "reasonable particularity" standard by which all subsequent trade secret disclosures would be judged.

*Openwave*, the other case Salesforce cites in support of its position, is the only case that has applied the *Jobsense* requirements. In that case the court applied the requirements as the first step of its analysis of defendants' summary judgment motion, which was filed at the end of discovery. *See* 2018 WL 2117424 at *11-12, 20. The circumstances in *Jobsense* and *Openwave* are a far cry from those in this case. The standard Salesforce faults GEA for not meeting, and which this dispute is predicated upon, is simply wrong.

GEA's trade secrets disclosure is adequate and Salesforce should be ordered to respond to all outstanding discovery requests and allow depositions to proceed forthwith. *See Advanced Modular Sputtering*, Inc., 132 Cal. App. 4th at 836-37 (citation omitted) ("Our discovery statutes are designed to ascertain the truth, not suppress it. Any doubt about discovery is to be resolved in favor of disclosure.").

| | | |
|---|---|---|
| Dated: | November 16, 2020 | ROBERT NOLAN<br>JOY KIM<br>ELIZABETH CALLAHAN<br>DLA PIPER LLP (US)<br><br>*/s/ Robert Nolan*<br>Attorneys for Plaintiff<br>salesforce.com, inc. |
| Dated: | November 16, 2020 | ROBERT E. FREITAS<br>JOSHUA L. YOUNG<br>FREITAS & WEINBERG LLP<br><br><br>*/s/ Joshua L. Young*<br>Joshua L. Young<br>Attorneys for Defendant<br>GEA, INC. |

**ATTESTATION**

In accordance with Civil L.R 5(i)(3), I, Joshua L. Young, attest that I have obtained concurrence in the filing of this document from the other signatory listed here.

Dated:  November 16, 2020             */s/Joshua L. Young*
                                      Joshua L. Young