UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALESFORCE.COM, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>GEA, INC.,<br><br>   Defendant. | Case No. 19-cv-01710-JST   (AGT)<br><br>**DISCOVERY ORDER REGARDING GEA'S TRADE SECRETS DESIGNATION**<br><br>Re: ECF No. 76 |

Earlier today, the Court held a discovery hearing on the parties' joint letter at ECF No. 76, in which Salesforce.com, Inc. ("Salesforce") requests an order compelling GEA, Inc. to disclose its alleged trade secrets with more particularity pursuant to Cal. Civ. Proc. Code § 2019.210.[1] This Order memorializes the Court's oral ruling granting Salesforce's request to compel.

Section 2019.210 requires that a party alleging trade secret misappropriation "identify the trade secret with reasonable particularity" prior to taking discovery relating to the trade secret. Cal. Civ. Proc. Code § 2019.210. "'Reasonable particularity' mandated by section 2019.210 does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation." *Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App. 4th 826, 835 (2005). "Nor does it require a discovery referee or trial court to conduct a miniature trial on the merits of a misappropriation claim before discovery may commence." *Id.* at 835–36. Rather, "reasonable particularity" means that

> the plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational, under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits.

---

[1] Judge Tigar has referred all discovery disputes in this matter to the undersigned. ECF No. 77.

*Id.* at 836 (internal citation and brackets omitted).

The Court agrees with Salesforce that GEA's current disclosure falls short of Section 2019.210's "reasonable particularity" requirement as it lacks sufficient detail to allow Salesforce to determine the parameters of the trade secrets asserted. GEA must amend its disclosure to make clear what it claims each trade secret is. GEA's amended disclosure should include:

> (1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent.

*Jobscience, Inc. v. CVPartners, Inc.*, No. 13-CV-04519-WHA, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014). While GEA's amended disclosure "need not explain how the alleged trade secrets differ from general knowledge in the trade," it "must include sufficient detail to enable [Salesforce] to investigate and make that determination." *Gatan, Inc. v. Nion Co.*, No. 15-CV-01862-PJH, 2018 WL 2117379, at *4 (N.D. Cal. May 8, 2018).

\* \* \*

GEA is ordered to serve on Salesforce an amended trade secrets disclosure by **December 21, 2020**. GEA may not take any discovery relating to the alleged trade secrets until its amended disclosure has been served.

**IT IS SO ORDERED.**

Dated: December 4, 2020

ALEX G. TSE
United States Magistrate Judge